**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHASE ARCHER EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-98 |
| ) | |
| ALLEGHENY COUNTY OFFICE OF ) | |
| THE PUBLIC DEFENDER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER OF COURT**

**I.     BACKGROUND**

Plaintiff Chase Archer Evans, proceeding *pro se*, initiated this civil rights action in the Court of Common Pleas of Allegheny County, Pennsylvania against Defendant Allegheny County Office of the Public Defender. (Docket No. 1-1). In his Amended Complaint, Plaintiff appears to allege a violation of his civil rights under the Sixth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, based on Defendant's failure to provide meaningful counsel. (Docket No. 1-2). On January 19, 2023, Defendant removed the action to this Court. (Docket No. 1).

On February 24, 2023, Defendant filed its Motion to Dismiss and brief in support pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket Nos. 6, 7). On February 27, 2023, the Court entered a briefing schedule in which Plaintiff was ordered to file a response to Defendant's motion by March 20, 2023, (Docket No. 8). Plaintiff did not, however, file a response by that established deadline. Consequently, on June 12, 2023, the Court ordered Plaintiff to show cause by June 26, 2023, why Defendant's Motion to Dismiss should not be granted, given Plaintiff's failure to respond to the motion by the March 20th

1

deadline. (Docket No. 9). Plaintiff failed to respond to the Court's show cause order by June 26, 2023, as ordered, and in fact, to date, Plaintiff has yet to file any response to the Court's order.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court has the inherent power to dismiss a case under Rule 41(b) for a litigant's failure to prosecute or to comply with an order of court. *See Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). However, "the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id.*

The district court considers the following six factors to determine whether dismissal under Rule 41(b) is the appropriate sanction for failure to prosecute or to obey court orders: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). All six factors need not be satisfied to warrant the sanction of dismissal, however. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (reiterating that not all of the *Poulis* factors need be satisfied in order to dismiss a case).

Turning to consideration of the *Poulis* factors here, first, because Plaintiff is proceeding in this matter *pro se*, he is personally responsible for prosecuting the case and complying with the

Court's orders. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was pro se and directly responsible for her actions and inaction in the litigation."). Accordingly, the Court finds that the first *Poulis* factor weighs in favor of dismissal.

Second, Defendant's motion has been pending since February, and Plaintiff's brief was originally due on March 20, 2023. (Docket No. 8). Although the Court cannot determine whether Defendant's defense has been directly prejudiced by the delay, there may be a burden on Defendant's resources imposed by Plaintiff's failure to move the case along, and by Plaintiff needlessly delaying the proceedings and perhaps frustrating any efforts by Defendant to resolve the matter. *See Zomerfeld v. Lowes*, Civ. No. 3:22-CV-00422, 2022 WL 3588325, at *4 (M.D. Pa. Aug. 2, 2022) (finding the defendants were prejudiced because the plaintiffs' failure to litigate case or comply with court's orders "wholly frustrates and delays the resolution of [the] action"). Thus, the Court finds that the second *Poulis* factor is at best neutral, and likely leans in favor of dismissal.

Third, Plaintiff has ignored the Court's orders by failing to respond to Defendant's Motion to Dismiss, and failing to show cause why Defendant's Motion to Dismiss should not be granted, by the established deadlines of March 20, 2023, and June 26, 2023, respectively. In the Court's estimation, Plaintiff's non-compliance with the Court's orders demonstrates a history of dilatoriness sufficient to indicate that he does not intend to proceed with this case.[1] *See Briscoe v. Klaus*, 538 F.3d 252, 260 (3d Cir. 2008) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness

---

[1] Notably, other than filing the Complaint, Plaintiff has made no other substantive filings in this case, which serves as further evidence that he does not intend to proceed with the matter.

3

in complying with court orders." (internal quotation marks and citation omitted)). The Court therefore finds that this factor weighs in favor of dismissal.

Fourth, because nothing in the record indicates that Plaintiff's failure to comply with the Court's orders is the result of any excusable neglect, the Court is compelled to conclude that Plaintiff's non-compliant conduct is willful. *See Zomerfeld*, 2022 WL 3588325, at *4 (finding that the plaintiffs' conduct was willful where non-compliance reflected an ongoing disregard for the case and the court's instructions). Accordingly, the Court finds that, given Plaintiff's failure to comply with the Court's order to file his brief, as well as his failure to file a response to the Court's order to show cause why Defendant's Motion to Dismiss should not be granted for failure to respond thereto, Plaintiff's conduct appears to be willful, and this factor weighs in favor of dismissal.

Fifth, the Court considers whether sanctions other than dismissal will be effective. Here, alternative sanctions for failing to prosecute the case, such as monetary sanctions or a finding of contempt, are unsuitable given that Plaintiff is proceeding *pro se*. *See Briscoe*, 538 F.3d at 262-63 (observing that alternative sanctions such as monetary sanctions, would not be an effective alternative where a plaintiff is proceeding *pro se*). Furthermore, no sanction short of dismissal is appropriate here, as Plaintiff has had over five months to prosecute his case by filing a brief or a motion requesting an extension of time in which to file a brief, but he has failed to do so. Accordingly, the court finds that this factor weighs in favor of dismissal.

Finally, while the Court makes no determination as to the merit of Plaintiff's claims, it is impossible for the Court to proceed with an action involving an unresponsive *pro se* litigant. That said, as discussed in Defendant's Motion to Dismiss and accompanying brief, Plaintiff's claims appear to face various legal hurdles, and therefore may be subject to dismissal. (*See* Docket Nos.

6, 7). However, affording Plaintiff the benefit of the doubt, this factor is neutral in the Court's *Poulis* analysis.

In balancing the *Poulis* factors, no one factor is dispositive, and there is no "magic formula" or "mechanical calculation" with regard to the analysis. *See Briscoe*, 538 F.3d at 263 (internal quotation marks and citation omitted). Upon balancing the *Poulis* factors here, the Court finds that at least four factors weigh in favor of dismissal, and none weigh against. Accordingly, dismissal of this action for Plaintiff's failure to prosecute is warranted. Further, in light of Plaintiff's non-compliance with the Court's orders, including his failure to respond to the Court's show cause order, the Court will dismiss this action with prejudice. *See Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 n.6 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

### III.    CONCLUSION

For the reasons discussed, the Court finds that dismissal with prejudice is appropriate under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute this case.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 9th day of August, 2023, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that this case is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute this case.

In light of this ruling, IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Docket No. 6), filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, is DENIED AS MOOT.

The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*<br>W. Scott Hardy<br>United States District Judge

cc/ecf:  All counsel of record
Chase Archer Evans (via U.S. mail)